**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSE LUIS MARTINEZ OLMEDILLO,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX, et al.,

Respondents.

Case No. 1:26-cv-05543-JLT-HBK

A-Number: 244-764-265

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Jose Luis Martinez Olmedillo is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 7.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Venezuela. (Doc. 1 at 5.) He entered the United States in October 2024, when he presented himself at the Port of Entry in Calexico, California, through the CBP One application. (*Id.*) He was issued a Notice to Appear and released. (Doc. 8-1 at 3.) There is no indication in the record that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. Yet, on June 22, 2026, Petitioner was arrested by local police in Texas during a traffic stop for speeding and transferred to DHS custody. (*Id*. at 2.) Petitioner is currently

detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On July 17, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 7.) On August 13, 2026, Respondents filed a response to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See* Doc. 8 at 1-2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

///

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

3. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 25, 2026_

UNITED STATES DISTRICT JUDGE

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.